IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KELLY MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CV616-064 |
| CONVERGENT OUTSOURCING, INC., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KELLY MARTIN (Plaintiff), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the Glennville, Tattnall County, Georgia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Renton, Washington.

11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around February, 2016, Defendant began placing collection calls to Plaintiff at her place of employment at 912-366-10xx.

19. Defendant calls Plaintiff from 770-870-1071, which is one of Defendant's telephone numbers.

20. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff up to five (5) times per week.

21. On or about February 17, 2016, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

22. During the aforementioned conversation, Plaintiff requested Defendant stop calling her at her place of employment.

23. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff at her place of employment.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff at her place of employment after Plaintiff requested Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff at her place of employment after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, KELLY MARTIN, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 01, 2016

By: /s/Shireen Hormozdi
Shireen Hormozdi
SBN: 366987
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff

4